UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL GOLODNER, <br><br>                    Plaintiff, <br> v. <br><br> SARAH STARKEY, ET AL., <br><br>                    Defendants. | 3:11-CV-1314 (CSH) |

### RULING ON MOTION TO COMPEL

HAIGHT, Senior District Judge:

Defendants' Motion to Compel Discovery (the "Motion") [Doc. 19] seeks to compel Plaintiff to provide records of his psychiatric treatment for the ten-year period prior to August 22, 2008, the date of the subject incident (the "Records"). Plaintiff has filed an Objection to the Motion (the "Objection") [Doc. 24], arguing that he has amended his Complaint so as to obviate any need for the Records.

This action arises from an incident that occurred on August 22, 2008 (the "Incident"), in which Plaintiff and Defendants, three New London police officers, disagreed about whether certain surveyors could take measurements on Plaintiff's property, and allegedly escalated to violence. The original Complaint [Doc. 1] asserted five causes of action against Defendants: four federal constitutional or statutory claims and a claim for intentional infliction of emotional distress. Defendants included among their discovery requests an interrogatory asking for the name of any person who treated Plaintiff for psychiatric or psychological conditions for a period of ten years prior

1

to the Incident and a request for production of any records of such treatment. Plaintiff objected to these requests. Defendants filed the Motion on May 25, 2012, citing the emotional-distress claim as the basis for their need for the Records.

On June 12, 2012, Plaintiff responded by filing an Amended Complaint [Doc. 23-1] with Defendants' consent, as permitted by Rule 15(a)(2) of the Federal Rules of Civil Procedure. In the Amended Complaint, Plaintiff dropped the emotional-distress claim, and in fact dropped any mention of emotional distress. On the same date, Plaintiff also filed the Objection, stating that the elimination of the emotional-distress claim left no reason for production of the Records.

Defendants did not agree that the Amended Complaint closes the matter. Instead, they filed a Reply to Plaintiff's Objection to Motion to Compel (the "Reply") [Doc. 25], shifting to new rationales for compelling production of the Records: (1) if Plaintiff suffered from anxiety, depression or mood swings at the time of this incident, that could bear on his conduct at the time of the incident; (2) any drugs Plaintiff was taking might likewise bear on his conduct; and (3) any psychiatric condition discovered may bear on Plaintiff's credibility as a witness, *i.e.*, his ability to comprehend, perceive and relate the truth. Reply at 2-3.

Under federal evidentiary law, confidential communications between a psychotherapist and a patient are protected from compelled disclosure. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). The privilege is not balanced against evidentiary need, which it generally outweighs. *Id.* at 17-18. However, it can be waived. *Id.* at 15 n. 4.

Defendants do not provide the Court with a reason to believe that Plaintiff has waived the privilege. Defendants' original rationale for disclosure was their need to defend themselves against an emotional-distress claim. However, even if the Amended Complaint still contained allegations

about emotional distress, it would allege, at most, a claim for "garden variety" emotional distress. The assertion of a claim for "garden variety" emotional distress does not waive the patient-psychotherapist privilege. *In re Sims*, 534 F.3d 117, 141 (2d Cir. 2008). In any event, "a plaintiff may withdraw or formally abandon all claims for emotional distress in order to avoid forfeiting his psychotherapist-patient privilege." *Id.* at 134. That is what happened here.[1]

None of the new rationales that Defendants offer in the Reply outweigh the patient-psychotherapist privilege. In fact, the Supreme Court has held that the privilege cannot be balanced against evidentiary need. "Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege." *Jaffee* at 17. A waiver may be implied in circumstances where it is called for in the interests of fairness, *Sims* at 132, but the new rationales do not represent such circumstances.

The first rationale fails because the patient-psychotherapist privilege does not yield to the mere possibility that a plaintiff's psychological problems might bear on his conduct. *Id.* at 141 (privilege not defeated by defendants' contention that psychiatric records might show that the plaintiff likely started the subject fight by showing that he suffered from uncontrolled aggression, a persecution complex, or some other psychological problems). The second rationale fails equally because the privilege applies to Plaintiff's medications along with other psychotherapeutic treatment. *Williams v. Troehler*, No. 1:09cv01523, 2010 WL 2546038, at *3 (E.D. Cal. June 23, 2010). While

---

[1] Defendants' citation to *Green v. St. Vincent's Medical Center*, 252 F.R.D. 125 (D.Conn. 2008) is inapposite, because in that case, the plaintiff brought claims for both intentional and negligent infliction of emotional distress, which Magistrate Judge Smith found to be more than "garden variety" emotional distress claims.

the third rationale might have been persuasive before the Supreme Court decided *Jaffee* in 1996, it is not so now.  Before 1996 a plaintiff's psychiatric records could be used to attack his capacity to comprehend, perceive and relate the truth, *Chnapkova v. Koh*, 985 F.2d 79, 82 (2d Cir. 1993), but that was changed by the Supreme Court's recognition in *Jaffee* of the existence of the patient-psychotherapist privilege and its holding in that decision that the privilege is not subject to a balancing analysis. *Sims* at 131, 137.  "[A] party's psychotherapist-patient privilege is not overcome when his mental state is put in issue only by another party." *Id.* at 134.  A party can now overcome the privilege only by showing some form of forfeiture or waiver, whether express or implied. *Id.* at 131, 137.

If Defendants' rationales were accepted, the privilege would be eviscerated.  A party could routinely assert that the other party's psychiatric records might undermine confidence in his ability to comprehend, perceive or relate facts as a witness.  A far stronger and quite different showing would be necessary to defeat the privilege here.  "A mere history of mental illness, not probative of the witness's state of mind at the time of the events being recalled, should not be admitted and risks stereotyping people with mental illness as incapable of testifying to events." *Hernandez v. Kelly*, No. 09CV1576, 2011 WL 2117611, at *5 (E.D.N.Y. May 27, 2011) (discussing the probative value of psychological records).

Because Plaintiff has not waived the patient-psychotherapist privilege, the Motion to Compel [Doc. 27] is DENIED.

SO ORDERED.
Dated: New Haven, Connecticut
August 24, 2012

                                            */s/ Charles S. Haight, Jr.*
                                            Charles S. Haight, Jr.
                                            Senior United States District Judge